IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PARACLETE AERO, Inc., a North Carolina Corporation, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:13CV325 |
| PROTECTIVE PRODUCTS ENTERPRISES, LLC, a Delaware Limited Liability Company, as Successor by Merger to Protective Products Enterprises, Inc., and as Assignee of Mine Safety Appliances Company, | ) ) ) ) ) ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| MINE SAFETY APPLIANCES COMPANY, | ) ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiffs Paraclete Aero, Inc. ("Paraclete"), XPX Armor & Equipment, Inc. ("XPX") and Timothy B. D'Annunzio's (D'Annunzio") (collectively "Plaintiffs") motion to remand this action to state court pursuant to 28 U.S.C. §§ 1446 and 1447. (Docket Entry 18.) Defendant Protective Products Enterprises, LLC ("PPE") has filed a response in opposition to this motion. (Docket Entry 20.) For the reasons stated herein, the Court will recommend Plaintiffs' motion be granted and this

action be remanded to the General Court of Justice, Superior Court Division, in Hoke County, North Carolina.

## I. PROCEDURAL BACKGROUND

Paraclete commenced this action against PPE[1] in the General Court of Justice, Superior Court Division, in Hoke County, North Carolina on or about September 17, 2012. (Compl., Docket Entry 2.) PPE filed a response to the Complaint on January 22, 2013. (Docket Entry 1-2.) Shortly thereafter, PPE filed a third-party Complaint against Third-Party Defendant Mine Safety Appliances Company ("MSA"). (Docket Entry 1-3.) On March 19, 2013, Paraclete filed its motion to amend Complaint. (Docket Entry 1-5.) With consent of all parties, the motion was granted and two additional Plaintiffs, XPX and D'Annunzio, were added. (Docket Entry 1-6.) On April 18, 2013, PPE filed a notice of removal[2] pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Docket Entry 1.) Paraclete filed the pending motion to remand on April 29, 2013. (Docket Entry 18.) PPE filed its response on May 22, 2013. (Docket Entry 20.)

## II. FACTUAL BACKGROUND

In its original Complaint, Paraclete alleged state law claims against PPE for breach of contract, unfair and deceptive trade practices, and piercing the corporate veil. (*See* Compl., Docket Entry 2.) Paraclete is a corporation engaged in the business of manufacturing and selling military grade armor. (*Id.* ¶ 5.) Paraclete, along with its founder, D'Annunzio, sold assets to MSA and entered non-competitive covenants with MSA in 2006. (*Id.* ¶¶ 6-7.)

---

[1] Paraclete voluntarily dismissed Defendant Sun Capital Partners, Inc. from this action on November 7, 2013. (*See* State Court Mot. to Am. Compl. ¶ 2, Docket Entry 9.)
[2] MSA consented to removal. (*See* Consent to Notice of Removal, Docket Entry 1-8.)

Paraclete also leased its storage facility to MSA pursuant to a lease agreement. (*Id.* ¶ 8.) In September 2011, MSA assigned the lease to PPE who occupied the property for the remainder of the lease. (*Id.* ¶¶ 13, 17.) Paraclete's breach of contract claim alleges that PPE breached several provisions of the lease: (1) PPE left HVAC chillers non-operational; (2) PPE failed to notify Paraclete of a leaking roof; (3) PPE maliciously severed numerous power cables; (4) PPE caused a hole to be left in the floor; (5) PPE failed to pay utility and electric bills; and (6) PPE left trash at the leased property. (*Id.* ¶ 18.)

Paraclete also alleged a claim for unfair and deceptive trade practices against PPE. (*Id.* ¶¶ 25-30.) Paraclete claims that the actions concerning the breach of the lease were intentional, and were "undertaken for the sole purpose of smothering [Paraclete] and D'Annunzio's financial ability to compete with [PPE]." (*Id.* ¶ 27.) Lastly, Paraclete asserted a third claim of relief to pierce the corporate veil of Sun Capital Partners, an original defendant in this matter, as controlling member of PPE. (*Id.* ¶¶ 31-34.)

Paraclete's amended Complaint added two additional plaintiffs, D'Annunzio and XPX[3]. D'Annunzio is the founder of Paraclete and XPX. (*See* Am. Compl. ¶ 1, Ex. A, Docket Entry 19-3.) Under the claim for unfair and deceptive trade practices, Paraclete also added factual allegations indicating that PPE "knew at the time it breached its Lease with [Paraclete] that Plaintiff D'Annunzio had re-entered, through Plaintiff XPX, the business of manufacturing and selling military grade armor and related products" and that PPE "knew Plaintiff D'Annunzio and Plaintiff XPX intended to use the Leased Premises to compete with Defendant PPE, LLC and that the use of such a facility would be a competitive

---

[3] The cause of action to pierce the corporate veil against former Defendant Sun Capital Partners, Inc. is not alleged in the Amended Complaint.

3

advantage for Plaintiff D'Annunzio and Plaintiff XPX in competing with Defendant PPE."
(Id. ¶¶ 26-27.) Paraclete sought to amend its Complaint to add this additional information as a result of documents produced in discovery. (State Court Mot. to Am. Compl. ¶¶ 7-8, Docket Entry 9.)

### III. DISCUSSION

Plaintiffs seek an order remanding this action to the General Court of Justice, Superior Court Division, in Hoke County, North Carolina. Plaintiffs contend that PPE's notice of removal was filed April 18, 2013, 203 days after service of the original Complaint and fails to meet the 30-day removal requirement pursuant to 28 U.S.C. § 1446. (Pls.' Mot. to Remand at 2, Docket Entry 18.) To the extent PPE asserts that the thirty-day removal period began to run after receipt of the amended Complaint, Plaintiffs argue that "both complete diversity and the amount in controversy were readily apparent in the initial Complaint served on PPE on September 27, 2012." (Pls.' Mem. in Sup. of Mot. to Remand at 4-5, Docket Entry 19.) In response to the motion, PPE contends that its removal rights were revived based upon the addition of Plaintiffs XPX and D'Annunzio, and the new factual allegations in support of the claim for unfair and deceptive trade practices. (Def.'s Mem. in Opp. to Pls.' Mot. to Remand at 6, Docket Entry 20.)

1. Removal Procedures

The general requirements for removal are outlined in 28 U.S.C. ¶ 1441(a). The removal statute provides in relevant part:

> (a) [A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4

28 U.S.C. ¶ 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). "In determining whether the removing party sustained its burden, the court must strictly construe the removal statute and resolve all doubts against removal." (*Miller v. Martin*, Civ. A. No. C-87-226-G, 1987 WL 46753 *1 (M.D.N.C. July 20, 1987) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

Pursuant to 28 U.S.C. ¶ 1446, [t]he notice of removal . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. ¶ 1446(b)(1). Section 1446(b) further states:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. ¶ 1446(b)(3). Some courts have recognized a narrow exception to the thirty-day limitation which allows removal of a civil action beyond the thirty-day limitation in cases where "the complaint is amended so *substantially* as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) (emphasis added); *see also Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982), *cert. denied* 459 U.S. 831 (1982), (quoting *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886)) ("The courts . . . have read into the statute an exception for the case

where the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'")

The policy considerations behind the creation of the "revival exception" are relevant to courts recognizing this narrow exception. In *Wilson*, the court stated:

> The purpose of the 30-day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court. These considerations might be overborne in a case where a plaintiff, seeking to mislead the defendant about the true nature of his suit and thereby dissuade him from removing it, included in his initial complaint filed in state court an inconsequential but removable federal count unlikely to induce removal and then, after the time for removal had passed without action by the defendant, amended the complaint to add the true and weighty federal grounds that he had been holding back.

*Wilson*, 668 at 965. "Mindful of these considerations, courts have limited revival to cases in which the amended complaint so *radically alters* the basic character of the litigation that denying the defendant the right to removal would be *patently unfair.*" *Miller*, 1987 WL 46753 at *3 (emphasis added); *MG Bldg. Materials, Ltd. v. Paychex, Inc.*, 841 F. Supp. 2d 740, 748 (W.D.N.Y. 2012) (applying "revival exception" and denying remand where the cause of action "morphed into a class action, potentially involving thousands of class members across the country, while the damage claims [grew] to a whopping $15 billion, an increase of over nine million percent."); *Craig Food Indus., Inc. v. Taco Time Int'l, Inc.*, 469 F. Supp. 516, 521 (D. Utah 1979) (amended complaint "stated a claim arising under federal law, thereby providing a new basis for removal" although the case was originally removable under diversity jurisdiction.); *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006) (removal

right revived after adding new defendant since "the addition of the new defendant commences the lawsuit as to it.")

2. <u>Analysis</u>

PPE argues that the addition of D'Annunzio, particularly in light of his political status, and his company XPX "has radically altered the litigation, from a garden-variety lease dispute to an unfair competition claim by a prominent community figure claiming damage to his local business." (Def.'s Mem. in Opp. to Pls.' Mot. to Remand at 4.) However, a review of the record reveals that a radical alteration in this matter has simply not occurred as a result of the addition of two new plaintiffs and additional factual allegations to Plaintiffs' unfair and deceptive trade practices claim. PPE addressed concerns of the possibility of local prejudice from the courts based upon involvement of D'Annunzio and his company. The original Complaint, however, indicated that D'Annunzio was the founder and owner of Paraclete (the original Plaintiff). (*See* Compl. ¶ 7.) Although not named as a plaintiff in the action at that time, PPE could have simply dispelled any concerns of local prejudice by removing the action within thirty days of service of the original Complaint.

In sum, the amended complaint alleges the same claims as the original complaint: the claim for breach of contract and claim for unfair and deceptive trade practices were both alleged in the original Complaint. The additional allegations supplement facts already present in the original Complaint. Substantial alterations have not occurred to "constitute a new lawsuit." *Johnson,* 227 F.3d at 241; *see also Korzinski v. Jackson,* 326 F. Supp. 2d 704, 707 (E.D.N.C. 2004) (remanding case where plaintiff's new complaint "in substance was only a continuation of the previous action, without change."); *Doe v. Florida Int'l Univ. Bd. of Trustees,*

464 F. Supp. 2d 1259, 1262 (S.D. Fla. 2006) (remanding case where the plaintiff's original and amended complaint "contain the same essential allegation."); *Turner v. Mine Safety Appliances Co.*, CIV.A. 01-0325, 2001 WL 456351 at *3 (E.D. La. Apr. 27, 2001) (court concluded that the "revival exception" did not apply where "the *core of the lawsuit* still [arose] from [decedent's] exposure to asbestos" even though parties were substituted, a defendant was added, and new claims were included in the amended complaint.); *Tully v. Am. Fed'n of Gov't Employees Local 3148*, 00-CV-7664(JG), 2001 WL 253034 at *2 (E.D.N.Y. Mar. 9, 2001) ("[A]mendments to the complaint did not add any new claims at all; rather, they removed a preexisting state law claim."); *Louisiana Farm Bureau Cas. Ins. Co. v. Michelin Tire Corp.*, 207 F. Supp. 2d 524, 526 (M.D. La. 2002) ("The mere addition of [new] plaintiff does not in and of itself transform the character of the action.")

PPE points to the factors in *Miller* to support its argument for revival. This court considered the following factors:

> (1) the extent to which the additional claims are based on newly discovered facts, as opposed to facts contained in the original complaint; (2) the extent to which the case has proceeded at the state level; (3) the extent to which state-law is embedded or dominant in the claims and defenses in the case; (4) the increase in potential liability occasioned by the additional claims; (5) indications that plaintiff intentionally sought to mislead the defendant into waiving its right to removal; and (6) whether the additional claims provide a new basis for removal, such as the addition of a federal claim to a case that was initially removable based only on diversity jurisdiction.

*Miller*, 1987 WL 46753 at *3. As PPE previously recognized, this case involves removal under federal question rather than diversity jurisdiction[4]. Therefore, the factors in *Miller* are

---

[4] After weighing the factors, the Court in *Miller* granted the plaintiff's motion to remand because "plaintiff's amended claims [relied] on the same basic facts as were contained in the original complaint." *Miller*, 1987 WL 46753 at *5.

8

not squarely applicable in this case. To the extent they are, such factors weigh in favor of remand.

As to the first, fourth and sixth factors surrounding additional claims, Plaintiffs' amended Complaint added no new claims and removed one previous cause of action. The new factual allegations addressed the claim for unfair and deceptive trade practices which was already present in the original Complaint. These additions were based upon information learned through discovery. Adding such allegations does not change the nature of this claim. Furthermore, Plaintiffs' monetary damages remain consistent with the original Complaint such that potential liability has not increased as a result of the amendments. With regard to the second factor concerning proceedings at the state level, minimal action appears to have occurred at the state court level; however, discovery had begun. As to the third factor, Plaintiffs' amended Complaint asserts all state-law claims, "which, ideally, should be decided by the state court." *Id.* at *4. Lastly, there are no indications that Plaintiffs intentionally sought to mislead PPE into waiving its right to removal.

After consideration of all relevant factors, the Court concludes that this matter has not been so substantially altered as to justify reviving PPE's right of removal. The *Miller* factors favor remand and there is nothing in the amended Complaint that radically changes the underlying issues here. Certainly the policy considerations applied here support PPE's argument that it did not attempt to employ a tactical advantage over Plaintiffs in waiting to see how it would fair in state court. Nor have significant delays occurred as a result of PPE's removal of this case to federal court. Nonetheless, the Court finds that the facts present here do not suggest that *substantial alteration* has occurred which would essentially constitute a

new lawsuit against PPE. The Court concludes that PPE failed to timely file a notice of removal and therefore recommends Plaintiffs' motion be granted and this action be remanded to the General Court of Justice, Superior Court Division, in Hoke County, North Carolina for further proceedings.

### 3. Plaintiffs' Request for Costs, Expenses & Attorney Fees

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." To grant award costs, the court must find that PPE "acted in bad faith in removing the case from state court." *Phillips v. BJ's Wholesale Club, Inc.*, 591 F. Supp. 2d 822, 826 (E.D. Va. 2008); *see also ITT Indus. Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987); *Parker v. Johnny Tart Enterprises, Inc.*, 104 F. Supp. 2d 581, 585 (M.D.N.C. 1999). Although the Court recommends remand in this matter, there is no evidence that PPE acted in bad faith in asserting grounds for removal. Thus, within its discretion, the Court recommends that Plaintiffs' request for costs, expenses, and attorney fees be denied.

## IV. CONCLUSION

For the reasons stated above, IT IS RECOMMENDED that Plaintiff's motion (Docket Entry 18) be **GRANTED** and this action be remanded to the General Court of Justice, Superior Court Division, in Hoke County, North Carolina for further proceedings. FURTHERMORE, IT IS RECOMMENDED that that Plaintiffs' request for costs, expenses, and attorney fees be **DENIED**.

November 18, 2013
Durham, North Carolina

Joe L. Webster
United States Magistrate Judge